STATE BOARD FOR CONTRACTORS

V.

H. B. SEDWICK, JR., BUILDING SUPPLY COMPANY, INC.

Record No. 841314

September 4, 1987

Present: All the Justices

*Richard C. Kast, Assistant Attorney General (Gerald L. Baliles, Attorney General*, on brief), for appellant.

*Charles W. Bowman; Christopher J. Honenberger (Shackelford & Honenberger*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal, we decide whether a materialman may recover under the Virginia Contractor Transaction Recovery Act, Code §§ 54-145.3 through -145.3:9 (the Act).

H. B. Sedwick, Jr., Building Supply Company, Inc. (Sedwick), obtained a judgment in the principal amount of $14,297.62 against Thomas Arrington, Jr., a Virginia Class B contractor licensed pursuant to Code § 54-129.3. Because Arrington had been adjudicated a bankrupt, Sedwick was unable to collect the judgment. Consequently, Sedwick filed a claim in the trial court against the State Board for Contractors (the Board) pursuant to the Act. The Act, which establishes the Contractors Transaction Recovery Fund (the Fund), provides a procedure for reimbursement of claimants injured by a contractor's improper or dishonest conduct. The Fund is under the control of the Board and consists of monies paid by licensed contractors pursuant to periodic assessments.

The Board opposed Sedwick's claim on the ground that Sedwick was a vendor of Arrington, the judgment debtor, and therefore excluded from recovery under the Act. The trial court ruled that Sedwick was not a vendor of the judgment debtor and awarded recovery to Sedwick in the amount of $10,000, the maximum amount recoverable under the Act. The Board appeals.

The dispositive issue in this appeal is whether Sedwick is a "vendor of [a] judgment debtor" within the meaning of Code § 54-145.3:3, and therefore excluded from receiving an award under the Act. At the time Sedwick filed its claim, Code § 54-145.3:3[1] provided in pertinent part as follows:

Whenever any person is awarded a final judgment in a court of competent jurisdiction in the Commonwealth of Virginia against any [legal entity licensed by the State Board for Contractors] for improper or dishonest conduct and such conduct . . . occurred in connection with a transaction involving contracting as defined in § 54-113, the judgment creditor

---

[1] In 1984, and subsequent to the trial of the present case, Code § 54-145.3:3 was amended.

may file a verified claim in the court awarding the judgment. After thirty days' written notice by the court to the Director [of the Department of Commerce], such person may apply to the court for an order directing payment from the fund of the amount unpaid upon the judgment, subject to the following conditions:

. . . .

2. Such judgment creditor shall not be an employee of such judgment debtor nor vender of such judgment debtor, or another licensee nor the spouse or child of such judgment debtor nor the employee of such spouse or child.

The facts are undisputed. Sedwick is a building material supplier. Arrington, a licensed contractor, was engaged in the residential construction business. From approximately June 1, 1981, to December 31, 1982, Sedwick supplied Arrington with building materials that Arrington used in four residential construction projects.

Arrington purchased these materials on credit extended by Sedwick on an open account. Relying upon Arrington's representations, Sedwick expected reimbursement from the proceeds Arrington would receive from the sale of the residences.

Arrington, however, failed to pay Sedwick and, instead, used the sale proceeds to pay other debts in apparent violation of Code § 43-13.[2] Based upon Arrington's failure to pay, Sedwick secured

---

[2] Code § 43-13 reads as follows:

Any contractor or subcontractor or any officer, director or employee of such contractor or subcontractor who shall, with intent to defraud, retain or use the funds, or any part thereof, paid by the owner or his agent, the contractor or lender to such contractor or by the owner or his agent, the contractor or lender to a subcontractor under any contract for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold, for any other purpose than to pay persons performing labor upon or furnishing material for such construction, repair, removal or improvement, shall be guilty of larceny in appropriating such funds for any other use while any amount for which the contractor or subcontractor may be liable or become liable under his contract for such labor or materials remains unpaid, and may be prosecuted upon complaint of any person or persons who have not been fully paid any amount due them.

The use by any such contractor or subcontractor or any officer, director or employee of such contractor or subcontractor of any moneys paid under the contract, before paying all amounts due or to become due for labor performed or material

a judgment against Arrington in the amount of $14,297.62. Because Arrington had no assets with which to satisfy the judgment, Sedwick filed its claim pursuant to the Act.

The Board contends that Sedwick is excluded from coverage under the Act because Sedwick is a vendor of Arrington, the judgment debtor. Sedwick contends, however, that the exclusion applies only to salesmen working for contractors, not to sellers of building materials to contractors. Sedwick argues that salesmen are vendors *of* contractors while material suppliers are vendors *to* contractors. Presumably, the trial court adopted Sedwick's argument, concluding that although Sedwick was a vendor *of* building supplies, it was not a vendor *of* the judgment debtor, but rather a vendor *to* the judgment debtor.

Code § 54-145.3:3 provides redress for those of the public injured by a dishonest or irresponsible contractor in a transaction involving contracting. Code § 54-145.3:3(2), however, excludes from recovery all claims, regardless of the merits, made by employees of the judgment debtor, by other licensees, by the spouse or children of the judgment debtor or employees of such spouse or children, and by vendors of the judgment debtor.

In *State* v. *Bristow*, 131 Iowa 664, 667, 109 N.W. 199, 200 (1906), the Supreme Court of Iowa had occasion to compare the function of a vendor with that of a soliciting agent. The court said that "[a] vendor (vender) is one who transfers the exclusive right of possession of property, either his or that of another, for some pecuniary equivalent. A soliciting agent who takes orders subject to the approval of his principal is not ordinarily regarded as a vendor."

In a similar vein, *Black's Law Dictionary* 1395 (5th ed. 1979) defines vendor as: "The person who transfers property by sale, particularly real estate; 'seller' being more commonly used for one who sells personalty. The latter may, however, with entire propriety, be termed a vendor. A merchant; a retail dealer; *a supplier*; one who buys to sell." (Emphasis added.)

Generally, the word "of " means proceeding from, belonging to, relating to, connected with, and concerning. *State* v. *Rinkes*, 49 Wash.2d 664, 666, 306 P.2d 205, 206-07 (1957). *Webster's Third*

---

furnished for such building or structure, for any other purpose than paying such amounts, shall be prima facie evidence of intent to defraud.

*New International Dictionary* 1565 (1981) defines "of " as, *inter alia,* "from as possessor, *seller.*" (Emphasis added.)

■ When the language of a statute is unambiguous, the statute's plain meaning must be accepted and rules of statutory construction are not required. *See Marsh* v. *City of Richmond,* 234 Va. 4, 11, 360 S.E.2d 163, 168 (1987) (this day decided); *Va. Dept. of Labor* v. *Westmoreland Coal Co.,* 233 Va. 97, 99, 353 S.E.2d 758, 760-61 (1987); *Ambrogi* v. *Koontz,* 224 Va. 381, 386, 297 S.E.2d 660, 662 (1982).

■ The phrase "vendor of" connotes a linkage between one who sells and one who buys. Thus, we conclude that one who sells building materials to a building contractor is a vendor of the contractor. We hold, therefore, that the plain meaning of Code § 54-145.3:3(2) bars Sedwick's claim. Acccordingly, we will reverse the trial court's judgment and enter final judgment here in favor of the Board.

*Reversed and final judgment.*