**Salem**

COMMONWEALTH OF VIRGINIA,

DEPARTMENT OF MINES, MINERALS AND

ENERGY, etc.

v.

MAY BROTHERS, INC.

No. 0733-89-3

Decided September 25, 1990

COUNSEL

John B. Purcell, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellant.

Leighton S. Houck (Caskie & Frost, on brief), for appellee. *Amici Curiae*: Associated General Contractors of Virginia, Inc.; Associated Builders & Contractors, Inc.; Richmond Area Municipal Contractors Association; Virginia Road and Transportation Builders Association (Catherine C. Hammond, Stephen H. Watts, II; McGuire, Woods, Battle & Booth, on brief), for appellees.

OPINION

DUFF, J.—The Commonwealth of Virginia, Department of Mines, Minerals and Energy, appeals a decision of the Circuit Court of the City of Lynchburg. The Board of Surface Mining Review (Board) held that May Brothers was engaged in mining without having obtained a state mining license and a surface mining permit. The Circuit Court reversed the Board. We agree with the Circuit Court and affirm.

I.

In 1987, A. C. Coleman and Gustav Stalling purchased a 33-acre tract of land located in the city of Lynchburg, Virginia, for a price of $400,000. They divided the land, which adjoins a railroad spur, into several parcels and titled the parcels in the names of various entities owned by them. A plan was prepared which provided for a three phase development of the property. The property which is the subject of this proceeding was designated as Phase

III on the development plan and is owned by Murray Place Partners (Stalling and Coleman). The planned construction of a 60,000 square foot warehouse facility required the property owners to alter substantially the grade of the site. The owners hired May Brothers to excavate and remove excess dirt from the Phase III site. Most of the excess dirt was delivered to a construction project at Virginia Baptist Hospital.

On or about December 9, 1987, James Smith, an inspector for the Department of Mines, Minerals and Energy (Commonwealth), observed trucks loaded with fill dirt leaving the Phase III site. After investigating, Smith determined that the activities of May Brothers violated the mining laws of the Commonwealth. On February 23, 1988, Smith issued a special order and a closure order against May Brothers on the basis that earth or dirt is a "mineral" within the meaning of Code § 45.1-180(l), and that the excavation and removal of earth or dirt from a particular site constitutes "mining" under Code § 45.1-180(a) and requires the issuance of a mining permit or license.

On June 29, 1988, the Board confirmed these orders and issued an opinion holding that dirt constituted a mineral under the statutory definition. On March 31, 1989, the Circuit Court for the City of Lynchburg reversed the Board and awarded an injunction and attorney's fees against the Commonwealth.

On appeal, the Commonwealth raises the following issues: (1) whether dirt or soil is a "mineral" within the meaning of Code § 45.1-180(l); (2) whether May Brothers' excavation and transportation of dirt constituted "mining;" and (3) whether the trial court committed error in awarding attorney fees to May Brothers.[1] We find no error and affirm.

---

[1] Additional issues raised in the appeal will not be addressed. The Commonwealth questions whether May Brothers' activities were covered by the "construction exemption" under Code § 45.1-180(a) and asserts that the Board of Surface Mining Review had sufficient evidence upon which to make its findings and rulings. As a result of our holding today on issues (1) and (2), these issues become moot.

By letter dated April 11, 1989, the Commonwealth vacated the order of closure and the special order dated February 23, 1988. May Brothers claims that the result of this voluntary act by the Commonwealth is to render all questions on this appeal moot, as the Court of Appeals is not now in a position to render an opinion over controversies in existence. We disagree. The Commonwealth has not withdrawn its appeal; it merely has complied with the rulings of the lower court while this appeal is pending. The argument of May Brothers on this point is without merit.

## II.

The Commonwealth first argues that the meaning of the word "minerals" as used in Code § 45.1-180(a) is ambiguous and should be read to include dirt or soil. We find no merit in this argument.

█ When the wording of a statute is clear and unambiguous, its plain meaning is to be accepted without resort to rules of interpretation. *State Bd. for Contractors v. H. B. Sedwick, Jr., Bldg. Supply Co.*, 234 Va. 79, 83, 360 S.E.2d 169, 171 (1987). Contrary to the Commonwealth's assertions, we hold that Code § 45.1-180 is not ambiguous and clearly does not include dirt or soil within the definition of mineral.

Code § 45.1-180(l) defines a mineral as "[o]re, rock, and any other solid homogeneous crystalline chemical element or compound that results from the inorganic processes of nature other than coal." Webster's New Collegiate Dictionary defines dirt as "a filthy or soiling substance (as mud, dust, or grime)," "loose or packed soil," and "earth." Rock is defined as "concreted mass of stony material." Code § 45.1-180(l), as written, simply does not include "dirt," or "soil" within the definition of "mineral."

Examination of other definitions contained within Code § 45.1-180 plainly shows that the legislature did not intend to regulate the removal of dirt or soil as urged by the Commonwealth. Code § 45.1-180(c) defines "overburden" as "[a]ll of the *earth* and other material which *lie above* a natural deposit of minerals, ores, rock or other solid matter." (emphasis added). Under Code § 45.1-180(n), the term "refuse" is defined as consisting of "all waste soil . . . and other material directly connected with the mine." (emphasis added). Furthermore, the definition of "mining" in Code § 45.1-180(a) "[m]eans the breaking or disturbing of the surface soil . . . to facilitate or accomplish the extraction or removal of minerals . . . ." (emphasis added).

---

Finally, the Commonwealth has urged that the enforcement of Virginia surface mining laws is a discretionary function of the Department of Mines, Minerals and Energy, and as such, an injunction should not lie to prevent it from exercising those duties. The court below ordered that the Commonwealth remove its signs from the property and enjoined the Commonwealth from "further harrassing" May Brothers. Our ruling today makes clear that the actions of the Commonwealth in this matter were improper. As such, the question of whether an injunction properly lies or not is a moot one and we will not consider it.

"Dirt" or "soil" and "mineral" are clearly and consistently treated as distinctly separate substances in Code § 45.1-180. The Commonwealth, however, directs our attention to the legislative history behind the enactment of this statute as proof of its assertion that dirt or soil should be treated in the same fashion as a mineral. Were the statute ambiguous we would consider turning to such history for guidance. In the face of such a clearly drawn piece of legislation, however, we decline to search for a meaning not apparent on the face of the document.

## III.

Code § 45.1-180(a) provides as follows:

(a) *Mining.*—Means the breaking or disturbing of the surface soil or rock in order to facilitate or accomplish the extraction or removal of minerals; any activity constituting all or part of a process for the extraction or removal of minerals so as to make them suitable for commercial, industrial, or construction use; but shall not include those aspects of deep mining not having significant effect on the surface, and shall not include excavation or grading when conducted solely in aid of on-site farming or construction. Nothing herein shall apply to mining of coal. This definition shall not include, nor shall this title, chapter, or section be construed to apply to the process of searching, prospecting, exploring or investigating for minerals by drilling.

The Commonwealth contends that May Brothers, in the process of excavating and grading Phase III, was engaged in mining activity as defined by this section. We disagree.

We are required to construe the law as it is written. "An erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute." *Hurt v. Caldwell*, 222 Va. 91, 97, 279 S.E.2d 138, 142 (1981). When an agency's statutory interpretation conflicts with the language of the statute or when the interpretation has not been consistently and regularly applied, the usual deference accorded to an agency's interpretation should be withheld. *University of Richmond v. Bell*, 543 F. Supp. 321, 327 (E.D. Va. 1982). Here, the Commonwealth's interpretation of Code § 45.1-180 is unfounded.

The record indicates that the dirt which was removed was not thereafter "processed" in any manner, but was simply transported to the Virginia Baptist Hospital construction site. This action, in our opinion, does not constitute the "disturbing of the surface soil . . . to facilitate or accomplish the extraction or removal of minerals . . . so as to make them suitable for commercial, industrial, or construction use . . . ." Code § 45.1-180(a). We hold that the simple removal of dirt from a construction site, without more, does not constitute "mining" as contemplated by the legislature in Code § 45.1-180.

## IV.

Code § 9-6.14:21(A) provides, in part:

> In any civil case brought under Article 4 (§ 9-6.14:15 *et seq.*) and Chapter 1.1:1 of Title 9 and § 9-6.14:4.1, in which any person contests any agency action . . . such person shall be entitled to recover from that agency . . . reasonable costs and attorney fees if such person substantially prevails on the merits of the case and the agency is found to have acted unreasonably, unless special circumstances would make an award unjust.

Thus, an aggrieved party is entitled to recover reasonable costs and fees when he satisfies three conditions: (1) he substantially prevails on the merits of the case; (2) the agency is found to have acted unreasonably; and (3) there are no special circumstances which would make an award unjust. We find that all three conditions have been met in the instant case.

First, it is clear that May Brothers substantially prevailed on the merits, as all issues in dispute have been decided in its favor. Second, the trial court correctly found that the actions of the Commonwealth were arbitrary and capricious, thus fulfilling the requirement that the agency act unreasonably. Finally, no special circumstances have been brought to our attention which would render this award unjust. Accordingly, we find no error in the trial

court's award of attorney's fees to May Brothers. For the foregoing reasons the judgment appealed from is

*Affirmed.*

Coleman, J. and Cole, J., concurred.