## CIRCUIT COURT OF FAIRFAX COUNTY

Toni Jeffries

    v.

Virginia Board for Contractors et al.

December 1, 1995

Case No. (Law) 137374

BY JUDGE JANE MARUM ROUSH

This appeal of a decision of the Virginia Board for Contractors (the "Board") came before the Court on August 10, 1995. On November 18, 1994, the Board issued a Final Order denying Ms. Jeffries' claim filed pursuant to the Virginia Contractor Transaction Recovery Act, Va. Code Ann. § 54.1-1118, *et seq.* (the "Act"). Ms. Jeffries challenges the Board's denial of her claim based on the Board's finding that she was in the business of development of real property. For the reasons stated below, the decision of the Board is affirmed.

Ms. Jeffries filed a claim under the Act for $10,000, the maximum recovery allowed under the Act. The Act provides a procedure for the reimbursement of claimants injured by a contractor's improper or dishonest conduct. *State Board for Contractors v. Sedwick*, 234 Va. 79, 360 S.E.2d 169 (1987). Ms. Jeffries' claim arose from outstanding judgments in her favor against Gerald Brickey, a contractor.[1] Initially, the Recovery Fund Committee of the Board recommended denial of the claim pursuant to Va. Code Ann. § 54.1-1120(5)(v) which requires the claimant not to be anyone whose business involves construction or development of property.

---

[1] Mr. Brickey ultimately sought the protection of the United States Bankruptcy Code. The United States Bankruptcy Court for the Western District of Virginia had entered judgment in favor of Ms. Jeffries against Mr. Brickey in the amount of $264,000.00 based on a finding of embezzlement. The Circuit Court of Fairfax County also entered a judgment in favor of Ms. Jeffries against Mr. Brickey based on a finding of fraud.

Ms. Jeffries' claim was then reviewed by the full Board which voted to deny it. The vote was ten "yes" votes to one "no" vote. The resulting Final Order states the "Board made a determination that the facts supported a finding that Jeffries was in the business of development of real property . . . . As a result of the factual findings, the Board denies the claim pursuant to § 54.1-1120(5)(v)."

Ms. Jeffries brought this action pursuant to Article 4 of the Virginia Administrative Process Act, Va. Code Ann. § 9-6.14:1, *et seq.* (the "APA"). The APA provides that a party claiming unlawfulness of an agency decision is entitled to a review by a court of competent jurisdiction. *See* Va. Code Ann. § 9-6.14:16. The burden is on the complaining party to demonstrate an error of law subject to review by the Court. Va. Code Ann. § 9-6.14:17. Such an error of law may include "the substantiality of the evidential support for findings of fact." Va. Code Ann. § 9-6.14:17(iv).

In her petition for appeal, Ms. Jeffries challenges the factual finding of the Board. She contends that "there is absolutely no evidence in support of its findings that Jeffries is in the business involving the construction or development of real property." Petition for Appeal, ¶ 14.

The duty of the reviewing court with respect to issues of fact is limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of facts could reasonably find them to be as it did. Va. Code Ann. § 9-6.14:17. *See also, Real Estate Comm. v. Bias*, 226 Va. 264, 308 S.E.2d 123 (1983); *State Board of Health v. Godfrey*, 223 Va. 423, 290 S.E.2d 875 (1982); *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231 (1988). The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion. This standard is designed to give greater stability and finality to the fact findings of an administrative agency. *Johnston-Willis*, 6 Va. App. at 262.

The determination of an issue of fact is to be made solely on the basis of the whole evidentiary record provided by the agency, and the reviewing court is limited to that agency record. *Id.* Consequently, the Court must determine whether there is relevant evidence in the agency record that a reasonable person might accept as adequate to support a finding that Ms. Jeffries' business involved the development of real property.

Section 54.1-1120(5)(v) of the Virginia Code prohibits "anyone whose business involves the construction or development of real property" from being a claimant under the act. In general, the Act is intended to protect

consumers, not commercial interests. The act does not define "business." In another context, the Virginia Supreme Court has defined "business" as "a commercial or industrial enterprise." *Woodson v. Gilmer*, 205 Va. 487 (1964). Similarly, Black's Law Dictionary 198 (6th ed. 1990) defines "business" as: "Employment, occupation, profession, or commercial activity engaged in for gain or livelihood. Activity or enterprise for gain, benefit, advantage, or livelihood."

The evidentiary record supports the Board's finding that Ms. Jeffries was engaged in the business of the construction or development of real property. Ms. Jeffries and Mr. Brickey entered into an agreement to acquire two parcels of land. The agreement was intended to be a limited partnership, although a formal limited partnership agreement was never signed. The plan was for Mr. Brickey to build a luxury house on the first parcel for no more than $1,000,000.00 and to sell it for at least $1,600,000.00, resulting in a profit of $600,000.00 to be shared equally by Ms. Jeffries and Mr. Brickey. Ms. Jeffries was to use her $300,000.00 in profits to finance the construction of a second luxury house to be built by Mr. Brickey. Ms. Jeffries planned to use the second house as her personal residence. In furtherance of the partnership, Ms. Jeffries advanced to Mr. Brickey $264,000.00, which he fraudulently diverted to his personal use.

Having reviewed the entire record before the Board, this Court concludes that there is sufficient substantial evidence to support the Board's finding that, with regards to the transaction that gave rise to her claim, Ms. Jeffries was engaged in the business of the construction and development of real property within the meaning of § 54.1-1120(5)(v) and that she is therefore not entitled to make a claim against the recovery fund. Significant factors include that Ms. Jeffries entered into a partnership with Mr. Brickey to buy, develop, and sell the first parcel at a substantial profit. The first parcel was bought solely to generate $600,000.00 in profits to be shared equally by Ms. Jeffries and Mr. Brickey. The first house was never intended to be the residence of Ms. Jeffries. Reasonable people could conclude, as did the Board, that the fact that Ms. Jeffries intended to use her share of those profits to build a luxury residence for herself did not convert this business transaction into a consumer transaction subject to the protection of the Act. Accordingly, the Final Order of the Board is affirmed.