COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Overton
Argued at Norfolk, Virginia


JOEL KOSSMAN
                                            OPINION BY
v.          Record No. 2409-96-1     JUDGE RICHARD S. BRAY
                                          MAY 27, 1997
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF MOTOR VEHICLES AND
 MOTOR VEHICLE DEALER BOARD

          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Robert B. Cromwell, Judge

               John D. Hooker, Jr. (John D. Hooker, Jr. &
               Associates, on brief), for appellant.

               Eric K. G. Fiske, Assistant Attorney General
               (James S. Gilmore, III, Attorney General, on
               brief), for appellees.


     Joel Kossman asserted a claim against the Motor Vehicle

Transaction Recovery Fund (Fund) pursuant to Code § 46.2-1527.3.

Applying provisions of the statute which pertained when Kossman

lodged his claim, the Department of Motor Vehicles (DMV), acting

through the Commissioner, and, later, the Motor Vehicle Dealer

Board (MVDB) determined that Kossman did not qualify for relief.

 Kossman sought judicial review in accordance with the Virginia

Administrative Process Act (VAPA), arguing that his claim was

governed by former Code § 46.2-1523, the statute in effect upon

the accrual of his cause of action.  The trial court, however,

affirmed the agency decision, and Kossman appeals.  Finding no

error, we affirm the order.

I.  FACTS

The substantive facts are uncontroverted.  In January 1993, Kossman loaned $75,000 to Edward J. Souldourian, a licensed motor vehicle salesperson, to finance the purchase of motor vehicles for resale.  When Souldourian defaulted in the terms of repayment, Kossman obtained judgment on October 17, 1994, for Souldourian's "fraudulent" conduct.  Kossman thereafter pursued recovery for his loss from the Motor Vehicle Transaction Recovery Fund, Code §§ 46.2-1527.1 to -1527.8, through a letter claim dated December 5, 1994.

Code §§ 46.2-1522 to -1527 were the predecessor statutes to Code §§ 46.2-1527.1 to -1527.8.  Former Code § 46.2-1523 provided, in pertinent part, that:

> any person . . . awarded a <u>final judgment</u> in a court of competent jurisdiction in the Commonwealth for any loss or damage by reason of any fraud practiced on him or fraudulent representation made to him by a licensed or registered motor vehicle dealer or one of a dealer's salespersons acting for the dealer or within the scope of his employment, or for any loss or damage by reason of the violation by a dealer or salesperson of any of the provisions of this chapter in connection with the purchase of a motor vehicle on or after January 1, 1989, . . . may file a verified <u>claim</u> with the Commissioner, requesting payment from the Fund of the amount unpaid on the <u>judgment</u>.  The <u>claim</u> shall be filed with the Commissioner no sooner than thirty days and no later than twelve months after <u>the judgment</u> becomes final.

(Emphasis added.)  The General Assembly repealed Code § 46.2-1523, enacting Code § 46.2-1527.3, <u>see</u> 1994 Va. Acts, ch.

- 2 -

478, effective <u>April 8, 1994</u>, which directed that "the Commissioner . . . only consider for payment, claims submitted by retail purchasers of motor vehicles, and for purchases of motor vehicles by licensed or registered motor vehicle dealers who contribute to the Fund."[1]  <u>Id.</u>

Acting on Kossman's claim of December 5, 1994, the Commissioner applied Code § 46.2-1527.3 and denied Kossman relief.  In correspondence dated March 14, 1996, Kossman requested reconsideration, contending that his claim was controlled by the former statute, in effect "at the time the fraud was committed," which did not contain the exclusionary language of Code § 46.2-1527.3.  In response, the MVDB[2] noted the distinctions between the current and former statutes and applied Code § 46.2-1527.3 to determine that Kossman was not a qualified claimant, a decision affirmed by the trial court on Kossman's appeal.[3]  <u>See</u> Code § 9-6.14:17.  Kossman again appeals, arguing

---

[1] Kossman concedes that he would not qualify for relief pursuant to the amended statute.

[2] Effective January 1, 1996, the legislature vested the MVDB with responsibility to administer Code §§ 46.2-1527.1 to -1527.8.  <u>See</u> 1995 Va. Acts, chs. 767, 816.

[3] Appellees contend that Kossman's failure to properly perfect an appeal of the original ruling of the Commissioner in accordance with Rule 2A:2 precluded judicial review of the administrative decision, notwithstanding his subsequent request for reconsideration and the attendant ruling of the MVDB.
Rule 2A:2 provides for appeal of the "final order in the case decision" to the appropriate circuit court.  Code § 9-6.14:4 defines "case decision" as "any agency proceeding or determination that . . . a named party . . . is not . . . in compliance with any existing requirement for obtaining . . . [a] right or benefit."  Under the instant circumstances, the MVDB

that his claim is governed by the statute in effect when his cause of action against Souldourian first arose, former Code § 46.2-1523, and that application of Code § 46.2-1527.3 deprives him of a "substantive property right" without due process.

## II.  RECOVERY FROM THE FUND

On appeal of agency action governed by the VAPA, the reviewing court must defer to the agency resolution of factual issues, "ascertaining [only] whether there was substantial evidence in the . . . record upon which the agency as the trier of the facts could reasonably find them to be as it did."  Code § 9-6.14:17.  "In contrast, judicial review of a 'legal issue' requires 'little deference,' unless it . . . 'falls within an agency's area of particular expertise.'"  Environmental Defense Fund, Inc. v. State Water Control Bd., 15 Va. App. 271, 278, 422 S.E.2d 608, 612 (1992) (quoting Johnston-Willis Ltd. v. Kenley, 6 Va. App. 231, 243-46, 369 S.E.2d 1, 8 (1988)).  This principle "recognizes the 'special competence' of the judiciary to decide issues of 'common law,' 'constitutional law' or 'statutory interpretation,' distinct from 'findings of fact.'"  Id. (quoting Johnston-Willis, 6 Va. App. at 243-46, 369 S.E.2d at 8).  The party complaining of agency action must "demonstrate an error of law" subject to judicial review.  Code § 9-6.14:17.

decision of March 22, 1996, was the "final order in the case decision," which Kossman timely appealed to this Court.

- 4 -

"When the wording of a statute is clear and unambiguous, its plain meaning is to be accepted without resort to rules of interpretation." Commonwealth, Dep't of Mines, Minerals & Energy v. May Bros., 11 Va. App. 115, 118, 396 S.E.2d 695, 696 (1990). The legislature, in enacting both Code §§ 46.2-1523 and 46.2-1527.3, established the "Fund," designating it a "special fund" "to pay claims" arising from "unpaid judgments, as provided for in § 46.2-1527.3 [former 46.2-1523]," and "for no other purpose." See Code §§ 46.2-1522, -1527.1. A claim cognizable under either statute was predicated upon "a final judgment [awarded] in a court of competent jurisdiction," and could not be filed "sooner than thirty days . . . after the judgment becomes final." Code §§ 46.2-1523, -1527.3. Thus, Kossman's statutory claim against the Fund was not extant until judgment against Souldourian on October 17, 1994, a time clearly governed by Code § 46.2-1527.3, effective April 8, 1994.

Kossman's contention that application of Code § 46.2-1527.3 to bar his claim deprived him of a "vested right" in violation of due process is without merit. "[D]eprivation of a liberty or property interest" must be proven to implicate due process. Jackson v. W., 14 Va. App. 391, 406, 419 S.E.2d 385, 393 (1992). The repeal of Code § 46.2-1523 did not impair Kossman's cause of action against Souldourian for fraud, and the dependent statutory claim against the Fund did not arise until after the effective date of Code § 46.2-1527.3. Thus, no proprietary interest of

- 5 -

Kossman to claim against the Fund was compromised by either the legislative or administrative acts in issue. <u>See, e.g.</u>, <u>Roller v. Basic Constr. Co.</u>, 238 Va. 321, 328-30, 384 S.E.2d 323, 326-27 (1989) (rights of parties not fixed under Workers' Compensation Act until occurrence of "injury by accident," and thus prior amendment did not affect substantive or vested right).

Accordingly, Kossman's claim was properly denied pursuant to the provisions of Code § 46.2-1527.3, and we affirm the order of the trial court.

<u>Affirmed.</u>