COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia


GENERAL TRADING CORPORATION
                                            OPINION BY
v.   Record No. 2785-97-4        JUDGE ROSEMARIE ANNUNZIATA
                                        SEPTEMBER 1, 1998
MOTOR VEHICLE DEALER BOARD


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Arthur B. Vieregg, Judge

        Joel S. Aronson (Harold G. Belkowitz; Ober,
        Kaler, Grimes & Shriver, on brief), for
        appellant.

        Eric K.G. Fiske, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    General Trading Corporation ("General Trading") appeals the

circuit court's decision upholding the Motor Vehicle Dealer

Board's ("the Board") decision denying General Trading's claim

for compensation from the Virginia Motor Vehicle Dealer Board

Transaction Recovery Fund ("the Fund"). Finding no error, we

affirm.

    On February 9, 1993, General Trading, an automobile

wholesaler, sold an automobile to Darrell Ley, Charlie Suqua, and

Sunnyside Auto Sales for $1,925. On February 1, 1995, General

Trading sold two automobiles to Tom Lawson and Coeburn Auto Mart

for a total of $7,460. In both transactions, the purchasers paid

by check, and the checks were returned for insufficient funds.

    On February 24, 1997, General Trading obtained a judgment

against Darrell Ley for $1,925 and a judgment against Tom Lawson

for $7,460.  On April 16, 1997, General Trading filed with the Board separate Judgment Claim Requests for each claim.  In these Judgment Claim Requests, General Trading sought compensation from the Fund for the judgments it had obtained.

The Board denied both of General Trading's claims on the basis that General Trading was not eligible for compensation under Code § 46.2-1527.3.  General Trading appealed the Board's decisions to the Circuit Court of Fairfax County.  After hearing oral argument, the circuit court affirmed the Board's decisions, reasoning that Code § 46.2-1527.3 "does not protect the seller, but, rather, only the purchasers."

General Trading contends the Board erred in interpreting Code § 46.2-1527.3 to limit recovery to persons who buy or acquire possession of motor vehicles, and to deny recovery to wholesale sellers of motor vehicles.  "[W]hen, as here, the question [presented] involves a statutory interpretation issue, 'little deference is required to be accorded the agency decision' because the issue falls outside the agency's specialized competence."  Sims Wholesale Co. v. Brown-Forman Corp., 251 Va. 398, 404, 468 S.E.2d 905, 908 (1996) (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 246, 369 S.E.2d 1, 9 (1988)). "In sum, pure statutory interpretation is the prerogative of the judiciary."  Id. (citing Hampton Roads Sanitation Dist. Comm'n v. City of Chesapeake, 218 Va. 696, 702, 240 S.E.2d 819, 823 (1978)).

"'When the wording of a statute is clear and unambiguous, its plain meaning is to be accepted without resort to rules of interpretation.'"  Kossman v. Commonwealth, Dept. of Motor Vehicles, 24 Va. App. 762, 766, 485 S.E.2d 643, 645 (1997) (quoting Commonwealth, Dep't of Mines, Minerals & Energy v. May Bros., 11 Va. App. 115, 118, 396 S.E.2d 695, 696 (1990)).  Code § 46.2-1527.3 provides as follows:

> Whenever any person is awarded a final judgment in a court of competent jurisdiction in the Commonwealth for (i) any loss or damage in connection with the purchase of a motor vehicle by reason of any fraud practiced on him or fraudulent representation made to him by a licensed or registered motor vehicle dealer or one of a dealer's salespersons acting for the dealer or within the scope of his employment, or (ii) any loss or damage by reason of the violation by a dealer or salesperson of any of the provisions of this chapter in connection with the purchase of a motor vehicle, on or after January 1, 1989, the judgment creditor may file a verified claim with the Board, requesting payment from the Fund of the amount unpaid on the judgment.  The claim shall be filed with the Board no sooner than thirty days and no later than twelve months after the judgment becomes final.
> On or after the effective date of this act, the Board shall only consider for payment claims submitted by retail purchasers of motor vehicles, and for purchases of motor vehicles by licensed or registered motor vehicle dealers who contribute to the Fund.

To bring itself within the ambit of the protections of the statute, General Trading argues that the word "purchases," as used in the phrase "the Board shall only consider for payment claims submitted . . . for purchases of motor vehicles by

licensed or registered motor vehicle dealers who contribute to the Fund," authorizes recovery by either the buyer or the seller and that we should hold that a "purchase[]" involves both parties. We reject this analysis in light of the well-settled principles applicable in determining the legislature's intent in enacting law.

"'It is our duty to take the words which the legislature has seen fit to employ and give to them their usual and ordinary signification, and having thus ascertained the legislative intent, to give effect to it . . . .'" Commonwealth v. Sanderson, 170 Va. 33, 38-39, 195 S.E. 516, 519 (1938) (quoting Saville v. Virginia Railway & Power Co., 114 Va. 444, 453, 76 S.E. 954, 957 (1913)). In the absence of any specific indication to the contrary, words used in a statute will be given their common, ordinary, and accepted meaning. Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 533 (1994) (citing Huffman v. Kite, 198 Va. 196, 199, 93 S.E.2d 328, 331 (1956)).

The statute allows recovery only for claims submitted for "purchases of motor vehicles by licensed or registered motor vehicle dealers who contribute to the Fund." The ordinary definition of "purchase" is "the acquiring of title to or property in anything for a price." Webster's Third New International Dictionary 1845 (1981). Giving the term "purchase" its usual and ordinary meaning, we hold that the legislature

intended to limit the protections of the statute to those who acquire the property in question by purchase.  This holding is consistent with the Supreme Court's explanation of the General Assembly's intent in enacting the statute:  "to afford uniform protection to those who purchase vehicles at wholesale auctions, <u>for the ultimate benefit of consumers who would purchase the vehicles at retail</u>."  <u>Fredericksburg Auto Auction, Inc. v. Department of Motor Vehicles</u>, 242 Va. 42, 46, 406 S.E.2d 23, 26 (1991) (emphasis added).[1]

General Trading argues in the alternative that the word "purchase" as used in Code § 46.2-1527.3 is ambiguous, requiring this Court to apply the rules of statutory construction to determine its meaning.  "Language is ambiguous if it admits of being understood in more than one way or refers to two or more things simultaneously."  <u>Brown v. Lukhard</u>, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985) (citing <u>Lincoln Nat'l Life Ins. Co. v. Commonwealth Corrugated Container Corp.</u>, 229 Va. 132, 136-37, 327 S.E.2d 98, 101 (1985)).  We reject this argument because we find

---

[1]The issue before the Court in <u>Fredericksburg Auto Auction</u>, 242 Va. at 45, 406 S.E.2d at 25, was a due process challenge to the 1988 amendments to the statute.  The Supreme Court of Virginia reviewed the purposes of the statutory scheme as a necessary part of its reasoning that the statute was rationally related to its legitimate legislative objectives.  <u>Id.</u> at 47, 406 S.E.2d at 26.  We find that the amendments to the statute following the Supreme Court's decision in <u>Fredericksburg Auto Auction</u> did not alter the statutory purpose; if anything, the amendments strengthened the purposes articulated by the Supreme Court.  <u>See</u> 1995 Va. Acts, ch. 767, 816; 1994 Va. Acts, ch. 478; 1991 Va. Acts, ch. 654.

that the plain meaning of the statute is capable of only one interpretation.

Given our interpretation of the plain meaning of Code § 46.2-1527.3, General Trading is ineligible to recover; General Trading was the seller rather than the purchaser in the transactions at issue here. The agency and circuit court properly denied compensation from the Fund.

<u>Affirmed.</u>