## CIRCUIT COURT OF THE CITY OF ROANOKE

Liberty Nursing Home, Inc.,
Beverly Enterprises, Inc.,
and William J. Lemon

v.

Director of Virginia Department
of Medical Assistance Services

October 10, 2000

Case No. CL97-829

BY JUDGE ROBERT P. DOHERTY, JR.

On November 18, 1998, this Court ruled substantially in favor of Plaintiff Nursing Home on an appeal from the agency director's decision and remanded the underlying issues to the agency to make findings of fact consistent with the law as it had been determined. On January 11, 2000, the Court of Appeals of Virginia affirmed in part and reversed in part and directed final judgment in favor of Plaintiff Nursing Home, but without a remand to the agency director for factual findings. The award in the amount of $968,875.00 was paid by the Commonwealth on September 15, 2000. Plaintiff has now moved the Court for an award of both pre-judgment and post-judgment interest and attorney's fees as allowed by statute. Plaintiff argues that the judgment rate of interest should commence at least from the date of the trial court's order of November

18, 1998, and that attorney's fees should be awarded because the agency position was not "substantially justified," and because of the Commonwealth's reliance on circuit court opinions in arguing its case, all of which is opposed by the Commonwealth. The Court finds partially in favor of the Plaintiff.

## *Attorney's Fees*

The Court finds, as a matter of law, that the reliance by the Commonwealth on a published circuit court opinion, when no other guidance is available from the appellate courts of this Commonwealth, is a reasonable and justified approach with which to plan its litigation strategy. The Court further finds that the legal position taken and the arguments presented by the Attorney General were well made, clear, and in the highest tradition of appellate advocacy. It is through our adversary system that both sides of an issue can be explored, leading hopefully to correct findings of law. The Court will not impose attorney's fees in the form of a sanction upon the Commonwealth simply because it was on the losing side of a legal argument which had not yet been decided by an appeals court.

Notwithstanding the above, the issue is not whether the Commonwealth's action in litigating this case was reasonable, the actual issue is whether the position taken by the agency in question was "substantially justified." See § 9-6.14:21, Code of Virginia (1950), as amended. In the instant case, both this Court and the Court of Appeals found that the decision of the agency director was arbitrary and capricious. See *Smith v. Liberty Nursing Home, Inc.*, 31 Va. App. 281 (2000). If the agency's actions were arbitrary and capricious, it cannot be found to have been "substantially justified" in the position that it took. The nursing home having substantially prevailed on the merits of its case and no special circumstances existing that would make an award of attorney's fees unjust, the requirements of § 9-6.14:21 are satisfied. Upon the evidence presented, the Court imposes an award of attorney's fees against the Commonwealth in the amount of $25,000.00. For a similar finding, see *Commonwealth Dept. of Mines v. May Bros.*, 11 Va. App. 115 (1990).

## *Interest*

This Court's order of November 18, 1998, was not a final judgment order for a liquidated amount of damages, and therefore judgment interest did not begin at that time. On January 11, 2000, the Court of Appeals resolved all outstanding issues in this case. The Commonwealth knew at that time that it owed restitution to Plaintiff nursing home yet failed to make payment for over

eight months. Fairness dictates that interest commence on January 11, 2000, at the judgment rate, continuing until September 15, 2000, the date upon which the principle was paid.