COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Humphreys
Argued at Chesapeake, Virginia


DENNIS G. SMITH, DIRECTOR,
 VIRGINIA DEPARTMENT OF MEDICAL
 ASSISTANCE SERVICES
                                       MEMORANDUM OPINION[*] BY
v.   Record No. 2942-00-3              JUDGE RICHARD S. BRAY
                                          OCTOBER 2, 2001
LIBERTY NURSING HOME, INC.,
 BEVERLY ENTERPRISES, INC. and
 WILLIAM J. LEMON


          FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                  Robert P. Doherty Jr., Judge

          Paige S. Fitzgerald, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Siran S. Faulders, Senior Assistant Attorney
          General, on briefs), for appellant.

          Robert T. Adams (McGuireWoods, LLP, on
          briefs), for appellees.


     The Department of Medical Assistance Services (DMAS), through

the Director, Dennis G. Smith (Director), appeals the decision of

the trial court awarding attorneys' fees and interest on the

judgment to Liberty Nursing Home, Inc. (Liberty).  In challenging

the awards, DMAS contends the court erroneously concluded DMAS was

not "substantially justified in the position . . . it took" in the

subject proceedings and, further, maintains the court was without

authority to award interest to Liberty.  In an "[a]dditional

--------------------------------------------------------------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[q]uestion [p]resented," Liberty complains the trial court did not commence the accrual of interest at an earlier date. Finding that the court correctly granted attorneys' fees to Liberty but erroneously awarded interest, we affirm in part and reverse in part.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

I.

The instant appeal arises from a protracted dispute between DMAS and Liberty related to Medicaid payments from DMAS to Liberty in 1979 and 1986. Following such payments, which totaled $968,875, the Director, pursuant to Code § 32.1-325.1, made "initial determinations" that DMAS had overpaid Liberty. DMAS subsequently affirmed the Director's decision, and Liberty remitted the funds to DMAS. Review of the determination by a "hearing officer," undertaken at the request of Liberty pursuant to Code § 9-6.14:12 of the Administrative Process Act (APA), resulted in a finding that DMAS was not entitled to the recovery. Upon further review, however, the Director rejected the conclusion of the hearing officer and refused return of the funds to Liberty.

Liberty appealed the Director's decision to the trial court in accordance with the APA and, on June 9, 1998, the court reversed the Director, finding he had "arbitrarily and capriciously" rejected the findings of the hearing officer, and

-

remanded the proceedings to the Director for "findings of fact and . . . application of the law" consistent with the decision. The Director appealed to this Court and, on January 11, 2000, a panel affirmed the trial court. See Smith v. Liberty Nursing Home, Inc., 31 Va. App. 281, 522 S.E.2d 890 (2000) (hereinafter Smith I).

In adjudicating the appeal, the panel determined that the DMAS claim to funds paid Liberty in 1979 was barred by the statute of limitations prescribed by Code § 32.1-325.1:1 and, with respect to the 1986 monies, the Director had "arbitrarily and capriciously" interpreted the "clear" and "plain" language of the controlling regulation in ruling that DMAS was entitled to reimbursement from Liberty. Id. at 296, 522 S.E.2d at 897. Thus, Liberty clearly prevailed in each instance, and "we remand[ed] the matter to the trial court for entry of final judgment in accordance with the . . . opinion." Id. at 297, 522 S.E.2d at 898. The Director thereafter unsuccessfully petitioned for appeal to the Supreme Court of Virginia. See Smith v. Liberty Nursing Home, Inc., No. 000298 (Va. June 5, 2000).

Upon remand, Liberty moved the trial court for an award of attorneys' fees and interest on the judgment amount and, on November 17, 2000, the court awarded Liberty "attorneys' fees in the amount of $25,000.00," and "interest . . . pursuant to Va.

-

Code § 6.1-330.54,[1] from January 11, 2000 to September 15, 2000,

the date of delivery of payment [from DMAS] to counsel for

[Liberty]." (Footnote added.) The Director and DMAS appeal such

awards, and Liberty seeks interest predating January 11, 2000.

## II.

> In any civil case brought under Article 4 (§ 9-6.14:15 et seq.) and Chapter 1.1:1 of Title 9 and § 9-6.14:4.1, in which any person contests any agency action . . . such person shall be entitled to recover from that agency . . . reasonable costs and attorney fees if such person substantially prevails on the merits of the case and the agency is found to have acted unreasonably, unless special circumstances would make an award unjust. The award of attorney fees shall not exceed $25,000.

Code § 9-6.14:21.

> Thus, an aggrieved party is entitled to recover reasonable costs and fees when he satisfies three conditions: (1) he substantially prevails on the merits of the case; (2) the agency is found to have acted unreasonably; and (3) there are no special circumstances which would make an award unjust.

Commonwealth, Dep't of Mines, Minerals & Energy v. May Bros.,

Inc., 11 Va. App. 115, 120, 396 S.E.2d 695, 698 (1990). We find

all three conditions are satisfied on the instant record.

Firstly, Liberty "substantially prevailed on the merits of

the case." Secondly, we have previously determined the Director

---

[1] Code § 6.1-330.54 fixes the "judgment rate of interest" at "an annual rate of nine percent," subject to certain inapplicable exceptions.

-

acted arbitrarily and capriciously in pursuing recovery from Liberty, conduct defined as "'willful and unreasonable . . ., without consideration or in disregard of facts or law or without determining principle,'" by the Supreme Court of Virginia, and clearly not "substantially justified" as contemplated by Code § 9-6.14:21. Sch. Bd. of City of Norfolk v. Wescott, 254 Va. 218, 224, 492 S.E.2d 146, 150 (1997) (quoting Black's Law Dictionary 105 (6th ed. 1990)); see May Bros., 11 Va. App. at 120, 396 S.E.2d at 698. Thirdly, the record reflects no "special circumstances" that would render unjust the award of attorneys' fees. Accordingly, the court properly granted Liberty the disputed attorneys' fees from DMAS.

DMAS next challenges an award of interest to Liberty on the principal sum from January 11, 2000, the date of decision by this Court in Smith I, to September 15, 2000, the date DMAS actually refunded the monies previously returned by Liberty. DMAS contends that "final judgment," a necessary predicate to an award of interest, was not entered in the trial court until November 17, 2000, after Liberty had already received the disputed funds from DMAS. Liberty counters that the award constituted "prejudgment interest" in accordance with Code § 8.01-382.[2]

---

[2] Code § 8.01-382 provides, in pertinent part: "In any action at law or suit in equity . . . the judgment or decree of the court[] may provide for interest on any principal sum

-

Assuming, without deciding, that the statute permitted an award to Liberty of prejudgment interest under the instant circumstances, the record, contrary to Liberty's insistence, reflects an award of post-judgment interest only. The opinion letter of the court, in addressing Liberty's claim to interest, expressly characterizes Smith I, dated January 11, 2000, as "resolv[ing] all outstanding issues in this case," after which DMAS "owed restitution to [Liberty]." Accordingly, the attendant order granted Liberty interest on the award from the date of our decision in Smith I, thereby treating January 11, 2000, as the day of judgment pursuant to Code § 8.01-382.

However, the mandate of Smith I expressly remanded the cause to the trial court "for entry of final judgment in accordance with the . . . opinion." Thus, post-judgment interest could not begin to accrue until entry of such order by the trial court, November 17, 2000. However, because DMAS had previously remitted the disputed monies to Liberty, no "principal sum awarded" remained unpaid at the time of final judgment and, hence, provided no basis for post-judgment interest.

Liberty's claim to prejudgment interest "earlier than January 11, 2000," is also without merit. As Liberty acknowledges on brief, an "award of prejudgment interest is

_____

awarded . . . and fix the period at which the interest shall commence."

-

discretionary, a matter committed to the trier of fact." Ragsdale v. Ragsdale, 30 Va. App. 283, 292, 516 S.E.2d 698, 702 (1999) (citation omitted). "A reviewing court, in considering the propriety of a discretionary action of a lower body, must not supplant its discretion for that rendered below. The discretionary act should only be reversed where there is clear evidence that the act was not judicially sound." National Linen Serv. v. Parker, 21 Va. App. 8, 19, 461 S.E.2d 404, 410 (1995). Guided by such well established principles granting deference to the trial court, we are unable to conclude that the decision not to award prejudgment interest to Liberty was judicially unsound.

Accordingly, we affirm the disputed attorneys' fees granted Liberty but reverse the award of interest on the judgment.

Affirmed in part, reversed in part, and final judgment.

-