COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Felton
Argued at Richmond, Virginia


MICHAEL JOSEPH DOTSON
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1416-02-2          JUDGE LARRY G. ELDER
                                         MAY 6, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Timothy J. Hauler, Judge

            Emmet D. Alexander (Gates & Alexander,
            P.L.C., on brief), for appellant.

            John H. McLees, Senior Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


    Michael Joseph Dotson (appellant) appeals from his bench

trial conviction for driving under the influence in violation of

Code § 18.2-266, his second such offense in five years.  On

appeal, he contends the trial court erroneously admitted the

certificate of analysis showing the alcohol content of his

breath because, although he sought to obtain a copy in

compliance with the requirements of Code § 19.2-187, neither

"the clerk" nor the "attorney for the Commonwealth" provided him

with a copy of the certificate prior to trial as required by

that code section.  We hold appellant's notice to the

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Commonwealth of his request met the requirements of the applicable version of Code § 19.2-187.  Thus, we reverse the trial court's ruling.  Further, based on the trial court's express finding that the evidence was insufficient to support the conviction in the absence of the certificate of analysis, we dismiss the warrant.

I.

BACKGROUND

On December 2, 2001, appellant was arrested for the instant DUI offense.  Following his conviction in district court on January 17, 2002, appellant noted an appeal to the circuit court.

On February 14, 2002, while awaiting trial in circuit court on the DUI appeal, appellant was arrested for driving on a suspended license and failing to stop for the police.  Trial on those charges was set for March 28, 2002.

On March 22, 2002, appellant filed in the circuit court a letter that was addressed to the clerk of that court and contained the following heading:

    RE:  Commonwealth v. Michael Dotson
         Letter of Representation, Motion to Suppress
            and Motion for Discovery
         Request for Copy of Certificate of Analysis

Within the body of the letter, appellant requested "any certificate of analysis filed with your office regarding this matter."

-

The letter itself included no indication that counsel had provided the Commonwealth's Attorney's Office with a copy of the letter.  However, the letter referenced enclosed suppression and discovery motions that appellant also asked the court to file. The suppression and discovery motions each included a certificate of service showing the motion was hand-delivered to the Commonwealth's Attorney's Office on March 22, 2002.  Those motions indicated in their captions that they were to be filed "IN THE CIRCUIT COURT OF CHESTERFIELD COUNTY," but the discovery motion cited Rule 7C:5 of the Rules of the Supreme Court of Virginia, a rule that expressly pertains only to discovery in "a General District Court."  The discovery motion read in relevant part as follows:

> COMES NOW the Defendant, by counsel, and moves the Court to require the State to deliver to counsel for the Defendant any exculpatory or inculpatory evidence within the meaning of the above referenced cases or rules, including, but not limited to:
>
>    \*     \*     \*     \*     \*     \*     \*
>
> (c) the results of any chemical tests, scientific tests, analyses and any blood, breath, drug analysis or refusal to submit to such test and certificates of analysis that the Commonwealth intends to use at trial, <u>this is intended to give you formal notice of defendant's request from the clerk's office for the certificate of analysis</u>; . . . .

(Emphasis added).  Appellant argued at trial and the Commonwealth conceded on brief on appeal that a copy of the

letter to the circuit court clerk requesting the certificate was provided to the Commonwealth's Attorney in conjunction with the discovery motion.

On March 26, 2002, the Commonwealth filed a response to appellant's discovery motion "pursuant to Rule 7C:5" "IN THE GENERAL DISTRICT COURT OF THE COUNTY OF CHESTERFIELD," noting a trial date of March 28, 2002. The Commonwealth responded to some of the requests, objected to others, and indicated, "No Certificate of Analysis filed." The Commonwealth apparently believed, mistakenly, that the discovery motion pertained to the charges that were then pending in general district court and scheduled for trial on March 28, 2002. However, the Commonwealth apparently understood, correctly, that the suppression motion related to the DUI charge pending in circuit court and set for trial on April 3, 2002.

At trial in circuit court on April 3, 2002, on the DUI charge, appellant objected to admission of the certificate of analysis because he had not received a copy of the certificate from the clerk or the attorney for the Commonwealth, despite having requested a copy from the clerk's office in the manner prescribed by the statute and having given the Commonwealth's Attorney's Office notice of the request. The Commonwealth's attorney represented that appellant's counsel "has been told by our office that we will no longer respond to his motions for discovery on misdemeanors appealed to Circuit Court. We told

-

him that several months ago."  The Commonwealth's attorney also argued that appellant's request for the certificate did not comply with Code § 19.2-187 because appellant did not provide "a cc copy to [the Commonwealth's Attorney's Office] of the [request] to the Clerk's Office of the Circuit Court."

Appellant responded that his request to the clerk's office for the certificate complied with the statute and that the statute did not specify the manner in which notice of that request was to be given to the Commonwealth's Attorney's Office. He argued that the discovery response he received from the Commonwealth's Attorney's office indicated the assistant Commonwealth's attorney who filed the response in fact read the motion containing the notice but mistakenly believed the motion applied to a different charge pending in a different court.

The trial court concluded "the Commonwealth was not provided with notice as envisioned by this statute" and admitted the certificate of analysis into evidence.

The certificate of analysis showed a breath alcohol content of 0.10%.  The trial court convicted appellant of the charged offense based on the certificate.  However, it also found as follows:  "I will state this on the record . . . .  [B]ut for the BAC results, I don't think there's sufficient evidence to convict [appellant] of driving under the influence, [and] . . . I'll make that finding."

-

II.

ANALYSIS

The version of Code § 19.2-187 applicable to the present proceedings provided as follows:

> In any hearing or trial of any criminal offense . . . , a certificate of analysis of a person performing an analysis or examination, performed in any laboratory operated by . . . the Division of Forensic Science . . . when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided . . . (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial <u>upon request made by such counsel to the clerk with notice of the request to the attorney for the Commonwealth.  The request to the clerk shall be in writing at least ten days prior to trial and shall clearly state in its heading "Request for Copy of Certificate of Analysis."</u>

2000 Va. Acts, ch. 336.[1]

---

[1] The statute was subsequently amended.  <u>See</u> 2002 Va. Acts, ch. 832.  Effective July 1, 2002, Code § 19.2-187 provides that "[t]he request to the clerk shall be on a form prescribed by the Supreme Court."  2002 Va. Acts, ch. 832.  The form promulgated by the Supreme Court, titled "REQUEST FOR COPY OF CERTIFICATE OF ANALYSIS," contains the following language:  "I certify that a copy of this request has been mailed or delivered to the Commonwealth's Attorney of this jurisdiction on this _____ day of _____, _____."  Thus, the rule and related form now clearly specify the method by which a defendant requesting a copy of a certificate of analysis from the clerk must give notice to the Commonwealth of the request.

-

Under Code § 19.2-187, "a certificate of analysis is admissible to prove the truth of its contents without the appearance in court of the technician who conducted the analysis, provided that the Commonwealth strictly complies with several 'specific safeguards' listed in the statute." Taylor v. Commonwealth, 28 Va. App. 1, 6, 502 S.E.2d 113, 115 (1998) (en banc) (quoting Myrick v. Commonwealth, 13 Va. App. 333, 336-37, 412 S.E.2d 176, 178 (1991)). "When the Commonwealth seeks to admit a certificate of analysis containing hearsay evidence, it has the burden of proving that the certificate satisfies the requirements of Code § 19.2-187 . . . ." Id. at 7, 502 S.E.2d at 115. "A certificate of analysis is not admissible if the Commonwealth fails strictly to comply with the provisions of Code § 19.2-187. Prejudice to the defendant from a failure to comply need not be shown." Woodward v. Commonwealth, 16 Va. App. 672, 674, 432 S.E.2d 510, 512 (1993) (citations omitted) (emphasis added).

Here, it is undisputed that counsel for appellant requested a copy of the certificate from the clerk in the manner required by Code § 19.2-187 and that neither "the clerk" nor the "attorney for the Commonwealth" provided the requested copy. Nevertheless, the Commonwealth argued and the trial court ruled that the certificate was admissible because appellant failed to give the Commonwealth's Attorney's Office "notice [of the request] as envisioned by [Code § 19.2-187]." We disagree.

-

Although the applicable version of the statute clearly specifies the form that the request to the clerk's office must take, it contains no requirements regarding the method by which counsel must give "notice of the request to the attorney for the Commonwealth."  (Emphasis added).

"Where a statute is unambiguous, the plain meaning is to be accepted without resort to the rules of statutory interpretation."  Last v. Virginia State Bd. of Med., 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992).  "'Courts are not permitted to rewrite statutes.  This is a legislative function.'"  Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944)).  "We give the words of a statute 'their common, ordinary and accepted meaning,' absent an indication by the legislature to the contrary."  Germek v. Germek, 34 Va. App. 1, 8, 537 S.E.2d 596, 600 (2000) (quoting Gen. Trading Corp. v. Motor Vehicle Dealer Bd., 28 Va. App. 264, 268, 503 S.E.2d 809, 811 (1998)).  Thus, we turn to Black's Law Dictionary, which provides that a person has notice of a fact "if[, inter alia,] that person (1) has actual knowledge of it; (2) has received a notice of it; (3) has reason to know about it; . . . or (5) is considered as having been able to ascertain it by checking an official filing or recording."  Black's Law Dictionary 1087 (7th ed. 1999); see also 21A Michie's Jurisprudence, Words and Phrases 386 (2000

-

Repl. Vol.) ("Notice, generally, is any knowledge, however acquired, which is sufficient to put a party on enquiry." (quoting Cain v. Cox, 23 W. Va. 594, 609 (1884))).

Here, appellant argued at trial, and the Commonwealth conceded on brief, that counsel for appellant provided to the Commonwealth's Attorney's Office a copy of the letter to the Chesterfield County Circuit Court Clerk requesting the certificate of analysis. That the letter did not include a "cc:" reference indicating the Commonwealth was to receive a copy is not dispositive because such a notation is not required by Code § 19.2-187. See Woodward, 16 Va. App. at 675, 432 S.E.2d at 512 (holding fact that accused requested copy of certificate before rather than after filing did not render certificate admissible because "the statute contains no such [requirement], and we have no authority to impose it").

Furthermore, the fact that the copy of the request provided to the Commonwealth may have been attached to the motion for discovery served on the Commonwealth also is not dispositive under the facts of this case. See id. An assistant Commonwealth's attorney in fact responded to the motion for discovery and, thus, presumably had actual notice of the contents of the letter, see Black's, supra, at 1087 (defining notice as "actual knowledge . . . [or] reason to know"), which was clearly addressed to the circuit court clerk rather than the

-

district court clerk and which indicated in its heading that it included a "Request for Copy of Certificate of Analysis."

Finally, the discovery motion itself listed the circuit court rather than the district court in its caption and indicated internally, in the portion of the motion requesting copies of test results and certificates of analysis, that "this is intended to give you formal notice of defendant's request from the clerk's office for the certificate of analysis." Appellant's counsel conceded he was not entitled to discovery in a misdemeanor appeal, and for this reason, the mere presence of the "formal notice" statement in his discovery motion, standing alone, would have been insufficient to provide the Commonwealth with notice of the request under Code § 19.2-187. Here, however, the Commonwealth's Attorney's Office specifically responded to the request containing that express "formal notice" language by indicating that "No Certificates of Analysis [were] filed." Neither the fact that the discovery motion erroneously referenced a rule applicable only in district court nor the fact that the assistant Commonwealth's attorney handling the discovery motion apparently erroneously concluded the motion pertained to a related district court matter was sufficient to negate the fact that the motion's caption clearly listed the circuit court rather than the general district court and accompanied a copy of a letter specifically addressed to the circuit court.

-

We do not intend by our ruling to condone gamesmanship in the practice of law or to encourage the filing of frivolous pleadings or motions.  See, e.g., Code § 8.01-271.1 (permitting imposition of sanctions on attorney who signs pleading, motion or other paper "interposed for an[] improper purpose"); Bennett v. Commonwealth, 236 Va. 448, 460-61, 374 S.E.2d 303, 311 (1988) (upholding trial court's granting of motion for mid-trial continuance on ground that "[a]mbush, trickery, stealth, gamesmanship, one-upmanship, [and] surprise have no legitimate role to play in a properly conducted trial").  Nevertheless, we hold these facts establish that the Commonwealth's Attorney's Office both "received a notice of [appellant's request for the certificate]" and "ha[d] reason to know about it."  See Black's, supra, at 1037; see also 21A Michie's, supra, at 386.

III.

For these reasons, we hold that appellant's notice to the Commonwealth of his request to the circuit court clerk's office for the certificate of analysis met the requirements of the applicable version of Code § 19.2-187.  Thus, we reverse the trial court's ruling admitting the certificate.  Further, based on the trial court's express finding that the evidence was insufficient to support the conviction in the absence of the certificate of analysis, we dismiss the warrant.

Reversed and dismissed.

-