COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


MARVIN JAMES SAUNDERS
                                                          OPINION BY
v.        Record No. 1299-05-3                    JUDGE LARRY G. ELDER
                                                          MAY 16, 2006
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                       Joseph W. Milam, Jr., Judge

          J. Patterson Rogers, 3rd, for appellant.

          Donald E. Jeffrey, III, Assistant Attorney General (Judith Williams
          Jagdmann, Attorney General, on brief), for appellee.


        Marvin James Saunders (appellant) appeals from his conviction for driving after having

been declared a habitual offender in violation of Code § 46.2-357, his fourth such conviction.

On appeal, he contends operating a moped does not constitute a violation of Code § 46.2-357

because it is neither a motor vehicle nor self-propelled machinery within the meaning of that

statute.  In the alternative, he contends the evidence he was operating a moped was insufficient to

support his conviction because, although the statute prohibits a habitual offender from operating

a motor vehicle *or* self-propelled machinery after having been forbidden to do so, his order of

conviction prohibited him from operating only a motor vehicle.  We hold a moped is

self-propelled machinery within the meaning of Code § 46.2-357 and that no applicable statute

required appellant to be instructed he could not operate a moped or other self-propelled

machinery before he could be convicted for violating Code § 46.2-357.  Thus, we affirm the

challenged conviction.

I.

BACKGROUND

By order entered December 12, 1995, appellant was adjudged a habitual offender. The order indicated that he was "prohibited from operating a motor vehicle on the highways of the Commonwealth of Virginia for a period of ten years from the date of this order and until the privilege . . . has been restored by a court of competent jurisdiction." Appellant was convicted in 1999, 2000, and 2002 of driving after having been declared a habitual offender.

On August 23, 2004, Officer Robert Worsham observed appellant, who was operating a moped in the City of Danville, fail to stop for a stop sign. Officer Worsham stopped appellant and issued him a summons for that offense.

Officer Worsham knew appellant was a habitual offender and later spoke to the Commonwealth's attorney about whether appellant was permitted to operate a moped. Thereafter, appellant was indicted for "unlawfully and feloniously driv[ing] self-propelled machinery or equipment on a highway" while an order declaring him a habitual offender was still in effect, after having been convicted of that same offense on three prior occasions.[1]

At trial, appellant contended the statute did not proscribe his riding a moped because, although this Court held in Diggs v. Commonwealth, 6 Va. App. 300, 369 S.E.2d 199 (1988) (en banc), that mopeds are "self-propelled machinery," the General Assembly subsequently changed the relevant definitions. He also argued that, even if a moped is self-propelled equipment, the

_____

[1] At trial, the parties engaged in discussion regarding whether the device appellant operated was a moped, which is expressly excluded from the definition of "motor vehicle" in Code § 46.2-100, or a motorcycle, which is included in that definition. The Commonwealth moved to amend the indictment to allege operation of "self-propelled machinery or equipment *or a motor vehicle*" in order to cover either scenario. Appellant objected to the amendment but declined the court's offer of a continuance. On brief on appeal, appellant concedes the device was a moped, and thus, we do not revisit this issue in this appeal.

order adjudicating him a habitual offender "only ban[ned] him from operating a motor vehicle" and, thus, that he could not be convicted for operating self-propelled machinery or equipment.

The trial court rejected those arguments and convicted appellant of "Fourth Offense Driv[ing] After Being Declared An Habitual Offender."

## II.

## ANALYSIS

## A.

## "SELF-PROPELLED MACHINERY OR EQUIPMENT" UNDER CODE § 46.2-357

Appellant was convicted for violating Code § 46.2-357, which provides in relevant part that "It shall be unlawful for any person determined or adjudicated an habitual offender to drive any motor vehicle or self-propelled machinery or equipment on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect." Code § 46.2-357(A) [hereinafter "the habitual offender statute"]. Since 1981, Code § 46.2-100 has expressly excluded from the definition of "motor vehicle" as used in all parts of Title 46.2, with the present exception of Chapter 8 thereof (Code §§ 46.2-800 to -947), "any device herein defined as a . . . moped." See 1981 Va. Acts, ch. 585. Appellant contends a moped as defined in Code § 46.2-100 also is not "self-propelled machinery or equipment" within the meaning of Code § 46.2-357. For the reasons that follow, we disagree.

"In construing statutes, courts are charged with ascertaining and giving effect to the intent of the legislature." Crown Cent. Petroleum Corp. v. Hill, 254 Va. 88, 91, 488 S.E.2d 345, 346 (1997). "That intention is initially found in the words of the statute itself, and if those words are clear and unambiguous, we do not rely on rules of statutory construction or parol evidence, unless a literal application would produce a meaningless or absurd result." Id. We give the words of a statute "their common, ordinary and accepted meaning," absent an indication by the

- 3 -

legislature to the contrary. Gen. Trading Corp. v. Motor Vehicle Dealer Bd., 28 Va. App. 264, 268, 503 S.E.2d 809, 811 (1998). Absent ambiguity, "the manifest intent of the legislature clearly expressed in its enactments should not be judicially thwarted under the guise of statutory construction." Cregger v. Commonwealth, 25 Va. App. 87, 90, 486 S.E.2d 554, 555 (1997). If a statute is ambiguous,

> [l]egislative intent may . . . be gleaned by consulting other statutes "using the same phraseology," [Gilliam v. Commonwealth, 21 Va. App. 519, 523, 465 S.E.2d 592, 594 (1996)], and "[']statutes which relate to the same subject matter should be read, construed and applied together[,']" Alger v. Commonwealth, 19 Va. App. 252, 256, 450 S.E.2d 765, 767 (1994) [(quoting Black's Law Dictionary 791 (6th ed. 1990))]."

Rasmussen v. Commonwealth, 31 Va. App. 233, 238, 522 S.E.2d 401, 403 (1999).

In Diggs, 6 Va. App. 300, 369 S.E.2d 199, we considered the meaning of the term "self-propelled machinery or equipment" as it appeared in Code § 46.1-350(a), predecessor to present Code § 46.2-301(B). At that time, Code § 46.1-350(a) provided in relevant part that "'[N]o person, resident or nonresident, whose driver's license or instruction permit or privilege to drive a motor vehicle has been suspended or revoked . . . shall thereafter drive any motor vehicle or any self-propelled machinery or equipment on any highway in this Commonwealth . . . .'" Diggs, 6 Va. App. at 301 n.2, 369 S.E.2d at 200 n.2 (quoting Code § 46.1-350(a) [hereinafter "the suspension statute"]). We held the term "self-propelled machinery" as used in the suspension statute was clear, had only one meaning and, therefore, was not ambiguous:

> "Self-propelled" is an adjective meaning "[c]ontaining its own means of propulsion . . . ." American Heritage Dictionary, 1113 (2d College ed. 1982). Machinery refers to "[m]achines or machine parts collectively," while a machine is "[a] system, usually of rigid bodies, formed and connected to alter, transmit, and direct applied forces in a predetermined manner to accomplish a specific objective . . . ." Id. at 751.

Id. at 302, 369 S.E.2d at 200. We further held under this definition that "a moped is a 'self-propelled' machine." Id.

We hold that in the habitual offender statute, just as in the suspension statute, the term "self-propelled machinery" is not ambiguous and includes mopeds. See Code § 46.2-357; Diggs, 6 Va. App. at 302, 369 S.E.2d at 200. However, even if we were to conclude the term "self-propelled machinery" is ambiguous as used in the habitual offender statute, allowing us to look to other statutes on the same subject to determine the meaning of the term in Code § 46.2-357, we would reach the same result. At the time Diggs was decided, the habitual offender statute provided in relevant part as follows: "It shall be unlawful for any person to drive any motor vehicle in the Commonwealth while the order of the court prohibiting such operation remains in effect." 1980 Va. Acts, ch. 436 (codified at § 46.1-387.8).[2] In 1990, two years *after* we decided in Diggs that the phrase "self-propelled machinery" as used in the suspension statute *included* mopeds, the legislature added that very same phrase, "self-propelled machinery," to the habitual offender statute. See 1990 Va. Acts, ch. 828 (codified at § 46.2-357). Pursuant to that amendment, the legislature provided "It shall be unlawful for any person to drive any motor vehicle *or self-propelled machinery or equipment on the highways of* the Commonwealth while the order of the court prohibiting such operation remains in effect." Id. (emphasis added).

Settled principles of statutory construction provide that, "[w]hen new provisions are added to existing legislation by amendment, we presume that, in making such amendment, the legislature 'acted with full knowledge of and in reference to the existing law upon the same subject and the construction placed upon it by the courts.'" Burke v. Commonwealth, 29

---

[2] Former Code § 46.1-387.8 was the predecessor to present Code § 46.2-357, under which appellant was convicted.

Va. App. 183, 188, 510 S.E.2d 743, 745-46 (1999) (quoting City of Richmond v. Sutherland, 114 Va. 688, 693, 77 S.E. 470, 472 (1913)); see Commonwealth v. Bruhn, 264 Va. 597, 602, 570 S.E.2d 866, 869 (2002). Thus, here, we conclude that by inserting the term "self-propelled machinery" into the habitual offender statute in 1990, the legislature knowingly added mopeds to the list of machinery a habitual offender was prohibited from operating.

Appellant relies on the General Assembly's 1992 amendment of the suspension statute, Code § 46.2-301, providing that "the phrase 'motor vehicle or any self-propelled machinery or equipment' shall not include mopeds." 1992 Va. Acts, ch. 273. This amendment does not support the result appellant seeks.

"When interpreting statutory language, we must assume that the legislature chose with care the words it used and, where it includes specific language in one section but omits that language from another section, we presume that the exclusion of the language was intentional." 7-Eleven, Inc. v. Dep't of Environmental Quality, 39 Va. App. 377, 397, 573 S.E.2d 289, 299 (2002). In amending Code § 46.2-301 in 1992 to exclude mopeds from the definition of "motor vehicle or any self-propelled machinery or equipment," the legislature specifically provided that the exclusion is "[f]or the purposes of this section," which can only be held to mean it is limited to Code § 46.2-301, the statute proscribing driving on a suspended or revoked license. See Gilmore v. Landsidle, 252 Va. 388, 398, 478 S.E.2d 307, 313 (1996) ("The word 'section' is generally defined as the smallest distinct subdivision of a legislative act. See Black's Law Dictionary 1353.").

The General Assembly has made no similar amendments to Code § 46.2-357 or to any definitional sections affecting Code § 46.2-357. Thus, we conclude the General Assembly meant what it said when, in 1990, it *added* to Code § 46.2-357 the term, "self-propelled machinery or equipment," already interpreted in Diggs to include mopeds, and then, in 1992, specifically

*excluded* mopeds from the scope of this same term "for purposes of [Code § 46.2-301]" only. See 1994 Op. Atty. Gen. 78 (concluding that 1992 amendment to remove operation of mopeds from the prohibition of Code § 46.2-301, without a corresponding change in Code § 46.2-357, indicates General Assembly's intent that Code § 46.2-357 continue to prohibit a person who has been adjudged a habitual offender from operating a moped); see also Browning-Ferris, Inc. v. Commonwealth, 225 Va. 157, 161-62, 300 S.E.2d 603, 605-06 (1983) ("The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments [for a period of five years] evinces legislative acquiescence in the Attorney General's view.").

Finally, we cannot conclude the legislative choice to permit those with suspended or revoked licenses to operate mopeds while preventing habitual offenders from doing so produces an incongruous result. See Mayhew v. Commonwealth, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995) ("'Where a particular construction of a statute will result in an absurdity, some other reasonable construction which will not produce the absurdity will be found.'" (quoting Miller v. Commonwealth, 180 Va. 36, 41, 21 S.E.2d 721, 723 (1942))). The General Assembly could rationally have concluded that someone with a suspended license poses a lesser threat to others on the road, and should, therefore, be allowed to operate a moped, than someone who has been adjudicated a habitual offender. See United States v. Fox, 60 F.3d 181, 185 (4th Cir. 1995) (noting purposes served by the two statutes are different in that gravaman of driving on suspended license is disobedience of court order whereas gravaman of violation of Habitual Offender Act is act of operating motor vehicle "by a driver who has been formally adjudged to be a danger to others using the highway").

Thus, we hold a moped is self-propelled machinery or equipment for purposes of Code § 46.2-357.

B.

SUFFICIENCY OF THE EVIDENCE

Appellant argues the evidence was insufficient to support his conviction because it failed to prove he operated a motor vehicle or self-propelled machinery or equipment *after having been forbidden to do so.* He correctly notes that the order declaring him a habitual offender tracked the language of the relevant code section, § 46.2-355, which has since been repealed, in that it prohibited him from operating a motor vehicle on the highways of the Commonwealth but made no reference to his inability to operate self-propelled machinery or equipment. He argues that the absence in the order of language prohibiting him from operating self-propelled machinery or equipment is fatal to the Commonwealth's case against him. For the reasons that follow, we disagree.

Code § 46.2-355, which was in effect when appellant was declared a habitual offender in 1995 but which has since been repealed, provided in pertinent part as follows:

> If the court finds[, *inter alia*,] that the person is the same person named in the transcript or abstract, [and] that the person is an habitual offender . . . , the court shall so find and by appropriate order direct the person not to operate a motor vehicle on the highways in the Commonwealth and to surrender to the court all licenses or permits to drive a motor vehicle on the highways in the Commonwealth.

1994 Va. Acts, ch. 871; see 1999 Va. Acts, chs. 945, 987 (repealing Code § 46.2-355).

We held in Reed v. Commonwealth, 15 Va. App. 467, 468, 424 S.E.2d 718, 718 (1992), that, based on the language of Code § 46.2-355, "[a]n essential element of the offense of driving after having been declared an habitual offender [in violation of Code § 46.2-357] is that the operator knew at the time he operated *a motor vehicle* in Virginia that he was doing so after he had been declared an habitual offender and ordered not to drive." Id. at 468, 424 S.E.2d at 718 (emphasis added). The Virginia Supreme Court subsequently approved this decision as applied

- 8 -

to habitual offender adjudications issued when Code § 46.2-355 remained in effect, holding that "an 'incomplete' order which adjudicates a person as an habitual offender, but 'erroneously' fails to [actually revoke the person's license and] impose the required prohibition against that person['s] operating *a motor vehicle*, does not satisfy the Commonwealth's burden of proof in a subsequent trial charging that person with violating Code § 46.2-357." Rose v. Commonwealth, 265 Va. 430, 433, 434, 578 S.E.2d 758, 759, 760 (2003) (emphasis added).

In appellant's case, it is undisputed that the 1995 order declaring him a habitual offender also ordered that he was "prohibited from operating *a motor vehicle* on the highways of the Commonwealth of Virginia" for a specified period of time, as required by former Code § 46.2-355. (Emphasis added). Thus, the order did not run afoul of the holdings in Reed and Rose. Further, neither Code § 46.2-355 nor any other statute ever required that an individual declared a habitual offender be informed that this status prohibited him from operating "*self-propelled machinery or equipment* on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect," Code § 46.2-357 (emphasis added). As the Commonwealth argues on brief, no need existed for Code § 46.2-355 to address "self-propelled machinery or equipment" because the purpose of Code § 46.2-355 was the revocation of a driver's license, and a driver's license was not required for operation of any self-propelled machinery or equipment that did not qualify as a motor vehicle. See Code § 46.2-100 (defining "motor vehicle"); Code § 46.2-300 (requiring driver's license for operation of "motor vehicle"); see also Diggs, 6 Va. App. at 303, 369 S.E.2d at 201 (noting specific "exclusion of bicycles and mopeds from the definition of 'motor vehicle' eliminated the requirements of registration and operators' licenses for mopeds"). But see Code § 46.2-301(B) (although Virginia Code does not require license to operate self-propelled machinery or equipment that does not qualify as a motor vehicle, providing that one who has a driver's license

and has that license suspended or revoked may not "thereafter drive any motor vehicle or any self-propelled machinery or equipment[, with certain exceptions including, *inter alia*, mopeds,] on any highway" until his license has been reinstated).

Thus, we hold the existence of an order notifying appellant he could not operate "self-propelled machinery or equipment [i.e., a moped,] on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect" was not an element of the offense of driving after having been declared a habitual offender in violation of Code § 46.2-357. Accordingly, we hold the evidence was sufficient to support his conviction.

To the extent appellant's argument may raise due process notice issues, he did not include a due process claim in his petition for appeal, and no appeal was granted on this issue. Thus, we may not consider such a claim in this appeal. See Rule 5A:12(c); see also Thompson v. Commonwealth, 27 Va. App. 620, 626, 500 S.E.2d 823, 826 (1998) (noting that Rule 5A:12, unlike Rule 5A:18, contains no "good cause" or "ends of justice" exceptions).

III.

For these reasons, we hold a moped is self-propelled machinery within the meaning of Code § 46.2-357 and that no applicable statute required appellant to be instructed he could not operate a moped or other self-propelled machinery before he could be convicted for violating Code § 46.2-357. Thus, we affirm the challenged conviction.

Affirmed.