COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, AtLee and Senior Judge Haley
Argued at Richmond, Virginia

WILLIE ANDERSON CULLOP

                                             MEMORANDUM OPINION* BY
v.        Record No. 0935-14-2          JUDGE RICHARD Y. ATLEE, JR.
                                             APRIL 21, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Joel C. Cunningham, Judge

Ken J. Baldassari, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General
(Mark R. Herring, Attorney General, on brief), for appellee.


On December 6, 2013, a jury in the Circuit Court of the County of Halifax convicted

Willie Anderson Cullop (hereinafter "appellant") of driving a motor vehicle, self-propelled

machinery, or equipment after having been adjudicated a habitual offender, second or subsequent

offense.  The jury sentenced appellant to twelve months in jail, the mandatory minimum

sentence.

Appellant submits three assignments of error.  First, he alleges that the trial court erred in

denying appellant's pre-trial motion to declare the habitual offender statute, Code

§ 46.2-357(A),[1] unconstitutional as applied to appellant because it violated the Due Process

Clauses of the Virginia Constitution and Fourteenth Amendment of the United States

---

\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] "It shall be unlawful for any person determined or adjudicated an habitual offender to drive any motor vehicle or self-propelled machinery or equipment on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect." Code § 46.2-357(A).

Constitution. Second, appellant argues that the trial court erred in denying the pre-trial motion to declare the habitual offender statute unconstitutional as applied to appellant because it violated the *Ex Post Facto* Clauses of the United States and Virginia Constitutions. Third, appellant claims the trial court erred in finding the evidence sufficient as a matter of law to convict the appellant of the offense. For the reasons that follow, we disagree and affirm the judgment of the trial court.

## I. Background

### A. Facts of the Case

In February of 1987, the Circuit Court of Pittsylvania County adjudicated appellant a habitual offender. The order prohibited appellant from operating "a motor vehicle on the highways of the Commonwealth of Virginia." On January 5, 1988, the same court convicted appellant of operating a motor vehicle after having been declared a habitual offender.

On May 31, 2012, an investigator for Halifax County observed appellant driving a moped on a state-maintained highway in the county. The investigator, who was in uniform and in a police vehicle, activated his lights and sirens and initiated a traffic stop. When the investigator asked to see appellant's identification, he provided Virginia identification. The investigator ran appellant's identification through the dispatch center, and found that appellant's license was suspended as a habitual offender. The investigator then arrested appellant.

### B. Mopeds Under the 1990 Amendments to the Habitual Offender Statute

In 1990, the General Assembly amended the habitual offender statute, adding the phrase "self-propelled machinery or equipment" to the prohibited vehicles, so that the statute reads: "[i]t shall be unlawful for any person determined or adjudicated a habitual offender to drive any motor vehicle *or self-propelled machinery or equipment* on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect." Code § 46.2-357(A)

(emphasis added). Mopeds are "self-propelled machinery or equipment" under the statute. Saunders v. Commonwealth, 48 Va. App. 196, 205, 629 S.E.2d 701, 705 (2006).

## II. Alleged Due Process Violation

Appellant first argues that the trial court erred in denying the pre-trial motion to declare the habitual offender statute unconstitutional as applied to appellant because it violated his due process rights. Appellant submits that because he was adjudicated a habitual offender prior to the 1990 amendment, he had no notice that his habitual offender status prohibited him from operating a moped on the highways of the Commonwealth.

### A. Standard of Review

"On appeal, constitutional arguments present questions of law that this Court reviews de novo." Crawford v. Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011) (citing Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005)). "Because the due process protections afforded under the Constitution of Virginia are co-extensive with those of the federal constitution, the same analysis will apply to both." Shivaee, 270 Va. at 119, 613 S.E.2d at 574 (citing Morrisette v. Commonwealth, 264 Va. 386, 394, 569 S.E.2d 47, 53 (2003); Willis v. Mullett, 263 Va. 653, 657, 561 S.E.2d 705, 708 (2002)).

### B. Analysis

Appellant's "pleas for particularized notice . . . run headlong into the fundamental principle that 'ignorance of the law is no excuse.'" United States v. Mitchell, 209 F.3d 319, 323 (4th Cir. 2000) (citations omitted). Although the Due Process Clause "requires some minimum threshold notice to defendants," such requirements are "extremely limited." Id. "Generally, a legislature need do nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply." Texaco v. Short, 454 U.S. 516, 532 (1982).

The habitual offender statute is not among the "highly technical statutes that present[ ] the danger of ensnaring individuals engaged in apparently innocent conduct," that may warrant a rare exception. Bryan v. United States, 524 U.S. 184, 194 (1998). Nor can the appellant argue that the twenty-two years that have elapsed from when the statute was amended provided insufficient time for him to become aware of a change to a statute he knew applied to him. See Texaco, 454 U.S. at 532 (finding that a two-year grace period provided sufficient time for citizens to familiarize themselves and comply with a statute).

Appellant's case is distinguishable from those he presents to support the argument that the "past decisions of the appellate court present an incongruous result" that he believes the Court must resolve here in his favor. Appellant's Brief at 9. In Saunders, the Court affirmed defendant's conviction under the habitual offender statute because "no applicable statute required appellant to be instructed he could not operate a moped or other self-propelled machinery before he could be convicted . . . ." 48 Va. App. at 199, 629 S.E.2d at 702. As in this case, the Court order in Saunders adjudicating the defendant a habitual offender "only ban[ned] him from operating a motor vehicle," id. at 199, 629 S.E.2d at 703, but that adjudication took place in 1995, after the statute's amendment, id. at 200, 629 S.E.2d at 705. Even though in this case, appellant's adjudication took place before the 1990 amendments, for the reasons stated above, that distinction does not alter the Court's conclusion that no constitutional violation occurred.

Appellant also points to Williams v. Commonwealth, No. 0222-95-3, 1996 Va. App. LEXIS 453, at *6 (Va. Ct. App. June 25, 1996), an unpublished opinion in which the Court overturned a 1994 conviction for operating a moped as a habitual offender. Appellant fails to point out that in that case, the defendant's *indictment* omitted the phrase "self-propelled machinery or equipment;" thus, his conviction for operating "a motor vehicle upon the highways

of Virginia" was for a crime he did not commit, because mopeds are excluded from the definition of motor vehicles.

Finally, appellant points to Davis v. Commonwealth, 12 Va. App. 246, 402 S.E.2d 711 (1991), in which the Court overturned a conviction because the order adjudicating the defendant, Davis, a habitual offender

> revoked Davis'[s] driving privilege for a period of ten years, but contained no provision incorporating the requirement of Code § 46.1-387.9 (now Code § 46.2-358) that the revocation would remain in effect until the privilege was restored or until Davis petitioned the court at the expiration of the ten-year period in order to restore his driving privilege.

Id. at 247, 402 S.E.2d at 711-12. Accordingly, the Court held that the order only remained in effect for ten years, as stated in the order. No analogous defect exists in this case. To the contrary, appellant was aware of his continued status as a habitual offender under the order, and accordingly knew he was subject to the prohibitions under the statute. For these reasons, the Court finds that appellant suffered no due process violation; accordingly, the trial court did not err in denying the pre-trial motion to declare the habitual offender statute unconstitutional as applied to appellant.

### III. Alleged *Ex Post Facto* Violation

Appellant next argues that the trial court erred in denying his petition to declare the habitual offender statute unconstitutional as applied to appellant because it violates the *Ex Post Facto* Clauses of the United States and Virginia Constitutions. In order for this argument to stand, appellant requests that the Court consider the habitual offender adjudication as part of the criminal act for *ex post facto* purposes.

A. Standard of Review

As with appellant's due process claim, "constitutional arguments present questions of law that this Court reviews de novo." Crawford, 281 Va. at 97, 704 S.E.2d at 115 (citing Shivaee, 270 Va. at 119, 613 S.E.2d at 574).

B. Analysis

"To fall within the *ex post facto* prohibition, a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime." Mitchell, 209 F.3d at 322 (quoting Lynce v. Mathis, 519 U.S. 433, 441 (1997)). Four categories of *ex post facto* laws exist:

> 1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

Stogner v. California, 539 U.S. 607, 612 (2003) (quoting Calder v. Bull, 3 U.S. 386, 390-91 (1798)).

Quite simply, the case here bears none of the characteristics that raise *ex post facto* concerns. Appellant was convicted for driving a motor vehicle, self-propelled machinery, or equipment after having been adjudicated a habitual offender. Accordingly, the conduct that led to appellant's conviction, driving on the highways of the Commonwealth as a habitual offender,

took place in 2012, well after the 1990 amendments took effect.[2]  Therefore, no *ex post facto* violation exists.

## IV.  Sufficiency of Evidence

Finally, appellant challenges the sufficiency of the evidence because the evidence at trial only includes references to appellant's driving privileges being "suspended," not "revoked." Therefore, appellant contends that he could not be convicted of driving a motor vehicle or self-propelled machinery or equipment on the highways of the Commonwealth "while the revocation of the person's driving privilege remains in effect."  Code § 46.2-357(A).

### A.  Standard of Review

"Whether the evidence adduced is sufficient to prove each of those elements is a factual finding, which will not be set aside on appeal unless it is plainly wrong."  Lawlor v. Commonwealth, 285 Va. 187, 223-24, 738 S.E.2d 847, 868 (2013) (citing George v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991)).  "In reviewing that factual finding, we consider the evidence in the light most favorable to the Commonwealth and give it the benefit of all reasonable inferences fairly deducible therefrom."  Id. at 224, 738 S.E.2d at 868 (citations omitted).

---

[2] Appellant's argument that the facts in Stogner are analogous strains the bounds of reason.  In Stogner, the Supreme Court of the United States held a California law that eliminated statutes of limitations for sex-related child abuse crimes unconstitutional when applied to revive a previously time-barred prosecution.  Stogner, 539 U.S. at 616.  In that case, a grand jury indicted the defendant with sex-related child abuse committed decades earlier pursuant to the new statute.  The Court fails to discern how Stogner can credibly be analogized to the facts present here.

B. Analysis

Appellant bases his argument on the separate definitions for the terms "revocation"[3] and "suspension"[4] defined by the Code. Although appellant acknowledges that the order adjudicating appellant did need not use the word "revocation," see Thomas v. Commonwealth, 59 Va. App. 496, 504, 720 S.E.2d 157, 161 (2012), he contends that because in this case, the record as a whole only uses the word "suspended" instead of "revoked,"[5] the evidence was insufficient to find that appellant's license had in fact been revoked.

In Thomas, this Court held that the habitual offender statute "treats anyone who has ever been declared a habitual offender as having had his driver's license revoked." Id. at 502, 720 S.E.2d at 161. In this case, when the adjudicating court declared appellant a habitual offender, it prohibited him from operating a motor vehicle on the highways and ordered him to surrender his driver's license. To reacquire his driving privileges, he would have had to apply for the issuance of a new driver's license. These are the hallmarks of revocation, not suspension. See id. at 502-03, 720 S.E.2d at 160-61. To suggest that appellant's license was suspended, not revoked, for purposes of the habitual offender statute based merely upon the words used at trial "is simply a distinction without a difference." Id. at 503, 720 S.E.2d at 161.

---

[3] "'Revoke' or 'revocation' means that the document or privilege revoked is not subject to renewal or restoration except through reapplication after the expiration of the period of revocation." Code § 46.2-100.

[4] "'Suspend' or 'suspension' means that the document or privilege suspended has been temporarily withdrawn, but may be reinstated following the period of suspension unless it has expired prior to the end of the period of suspension." Code § 46.2-100.

[5] Specifically, appellant notes that the parties stipulated that appellant's license had been "suspended," the arresting officer used the word "suspended" in his testimony, and the letter from the Department of Motor Vehicles regarding appellant's status "speaks largely in the language of suspension." Appellant's Brief at 18. The Commonwealth fails to direct the Court to any use of the word "revocation" in the record. Nevertheless, because the exact term used is irrelevant for the reasons described herein, the Court declines to sift through the record to find evidence contradicting appellant's contention.

Appellant confuses the accepted principles of statutory interpretation with the deference this Court owes to the factual findings of the trial court. No dispute exists as to whether appellant was a habitual offender at the time of the offense. Nor do the parties disagree that appellant had not applied to have his driving privileges restored. Even if the *record* only states that appellant's license was "suspended," it was nonetheless done so pursuant to the habitual offender statute, under which the licenses of habitual offenders are revoked, not suspended. Id. at 502, 720 S.E.2d at 161.

Furthermore, the habitual offender statute states that:

> For the purpose of enforcing this section, in any case in which the accused is charged with driving a motor vehicle or self-propelled machinery or equipment while his license, permit, or privilege to drive is *suspended or revoked*, the court before hearing the charge shall determine whether the person has been determined an habitual offender and, by reason of this determination, is barred from driving a motor vehicle or self-propelled machinery or equipment on the highways in the Commonwealth . . . .

Code § 46.2-357(C) (emphasis added). The statute's plain language demonstrates that it encompasses drivers with suspended licenses as well as those with revoked licenses. Therefore, there is no material difference between characterizing appellant's license as revoked or suspended. Accordingly, considering the evidence in the light most favorable to the Commonwealth, and giving it the benefit of all reasonable inferences, the trial court was not "plainly wrong" in finding the evidence sufficient to convict appellant.

## V. Conclusion

For the foregoing reasons, we find the trial court did not err in denying appellant's motion to suppress or motion to strike. Accordingly, we affirm the ruling of the trial court.

Affirmed.